United States District Court
Southern District of Texas
**ENTERED**
April 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TED LAWRENCE ROBERTSON, §<br>  *Petitioner*, §<br> §<br>v. §<br> §<br>WILLIAM STEPHENS, §<br>Director of the Texas Department of §<br>Criminal Justice - Correctional §<br>Institutions Division, §<br>  *Respondent*. § | CIVIL ACTION NO. 4:15-CV-03630 |

## MEMORANDUM AND RECOMMENDATION

Petitioner Ted Lawrence Robertson, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 1994 theft conviction. Dkt. 1 at 2. The matter was referred to this magistrate judge for report and recommendation. Dkt. 5. Respondent filed a motion for dismissal or, alternatively, a transfer to the Fifth Circuit. Dkt. 14. After reviewing the record and the law, the Court recommends that the petition be dismissed with prejudice.

BACKGROUND

Robertson pleaded guilty to theft and was sentenced to four years of probation on December 2, 1994, by the 232nd District Court of Harris County. Dkt. 13-2 at 20. Robertson's probation was later revoked, and this revocation was affirmed on appeal. *Id.* at 28–35. In 2002, a jury convicted Robertson of violating a protective order and sentenced him to 25 years in prison. *See* Dkt. 14-1 at 2. The sentence was enhanced by Robertson's previous theft conviction. *See* Dkt. 13-10 at 37 n.1.

After filing several unsuccessful state habeas applications challenging his theft conviction, Robertson filed his first federal habeas petition in 2005, which was dismissed as time-barred. *See Robertson v. Dretke*, No. H-05-1975, 2005 WL 2647968 (S.D. Tex. Oct. 17,

2005). On December 15, 2015, Robertson filed his second federal petition pending before this Court.

Robertson raises the following claims in his second federal petition: (1) actual innocence; (2) ineffective assistance of counsel due to counsel's failure to investigate the facts; (3) involuntary guilty plea due to counsel's failure to properly advise Robertson as to the charges and possible defenses; and (4) invalid enhancement of punishment. Dkt. 1 at 7–8.

## ANALYSIS

Robertson's petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA requires dismissal of a claim presented in a second petition that was presented in the first petition. 28 U.S.C. § 2244(b)(1).

Grounds One, Two, and Three of Robertson's second petition present claims identical to those raised in the first time-barred petition.[1] Robertson never received permission from the Fifth Circuit to proceed with these claims. Therefore, these claims must be dismissed.

Ground Four, however, is an entirely new claim—although Robertson filed his first petition well after his conviction for violating a protective order, he never argued that the use of his theft conviction to enhance his sentence was invalid. Nonetheless, this claim must be dismissed as time-barred because AEDPA's one-year statute of limitations has long expired. *See* 28 U.S.C. § 2244(d)(1).

## CONCLUSION

---

[1] Respondent argues that Robertson did not challenge the voluntariness of his plea in the first petition. Dkt. 14 at 5. The Court disagrees. Robertson presents this argument in Ground Three of both federal petitions. Dkt. 1 at 8 (arguing that guilty plea was involuntary because counsel "failed to spend minimum time investigating case and/or adequately advise [sic] Petitioner"); Case No. 4:05-CV-01975, Dkt. 1 at 7 ("Attorney's failure to advise Petitioner led Petitioner to plead guilty, therefore, Petitioner's plea was not knowingly and voluntarily entered.").

The Court recommends that Grounds One, Two, and Three of Robertson's petition be dismissed for lack of jurisdiction, and Ground Four be dismissed as time-barred.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on April 20, 2016.

Stephen Wm Smith
United States Magistrate Judge